UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | |
| CHAPEL STEEL CORP., AMERICAN | § | CASE NO. 4:12-CV-01227 |
| ALLOY STEEL, INC., ARTHUR J. MOORE, | § | JURY DEMANDED |
| JSW STEEL (USA) INC., NUCOR CORP., & | § | |
| SSAB ENTERPRISES, LLC D/B/A SSAB, | § | |
| AMERICAS, | § | |
| | § | |
| Defendants. | § | |

**ARTHUR J. MOORE AND AMERICAN ALLOY STEEL, INC.'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Arthur J. Moore ("Moore") and American Alloy Steel, Inc. ("American Alloy") make the following answer to Plaintiff's Original Complaint ("Complaint").

**ANSWER**

Moore and American Alloy make the following admissions and denials pursuant to Rule 8 of the Federal Rules of Civil Procedure:

1.     Moore and American Alloy admit that Paragraph 1 of the Complaint attempts to allege a violation of Section 1 of the Sherman Act but deny that Plaintiff has sufficiently pleaded such a cause of action and deny that there was such a violation.

2.     Moore and American Alloy admit that steel service centers are sometimes referred to as metals service centers within the industry and that such service centers distribute steel and perform some processing of various steel products.  Moore and American Alloy deny the remaining allegations in Paragraph 2 of the Complaint.

52425572

3.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 3 of the Complaint and therefore deny the same. Moore and American Alloy deny the remaining allegations of Paragraph 3 of the Complaint.

4.     Moore and American Alloy admit the allegations of Paragraph 4 of the Complaint on information and belief.

5.     Moore and American Alloy deny the allegations of Paragraph 5 of the Complaint.

6.     Moore and American alloy admit that Hume and Schultz worked for American Alloy until 1999 and for Chapel from 1999 until they left Chapel in September 2011 after they formed MM Steel. Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations Paragraph 6 of the Complaint and therefore deny the same.

7.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore deny the same.

8.     Moore and American Alloy deny the allegations of Paragraph 8 of the Complaint.

9.     Moore and American Alloy deny the allegations of Paragraph 9 of the Complaint.

10.    Moore and American Alloy deny the allegations of Paragraph 10 of the Complaint.

11.    Moore and American Alloy admit that the quotations in Paragraph 11 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context. Moore and American Alloy deny the remaining allegations of Paragraph 11 of the Complaint.

12.     Moore and American Alloy admit that the quotations in Paragraph 12 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.   Moore and American Alloy deny the remaining allegations of Paragraph 12 of the Complaint.

13.     Moore and American Alloy deny the allegations of Paragraph 13 of the Complaint.

14.     Moore and American Alloy deny the allegations of Paragraph 14 of the Complaint.

15.     Moore and American Alloy admit that the reference in Defendant Moore's email to "legally" refers to a state court lawsuit filed by Chapel against Hume, Schultz, MM Steel, and two other former employees of Chapel shortly after September 1, 2011.  Moore and American Alloy deny the remaining allegations of Paragraph 15 of the Complaint.

16.     Moore and American Alloy admit the allegations of the first two sentences of Paragraph 16 of the Complaint on information and belief.  Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the third sentence of Paragraph 16 of the Complaint and therefore deny the same.  Moore and American Alloy deny the remaining allegations of Paragraph 16 of the Complaint.

17.     Moore and American Alloy deny the allegations of Paragraph 17 of the Complaint.

18.     Moore and American Alloy deny the allegations of Paragraph 18 of the Complaint.

19.     Moore and American Alloy deny the allegations of Paragraph 19 of the Complaint.

20.     Moore and American Alloy admit that after their perfidious betrayal of him, his trust, and American Alloy in 1999, Moore unilaterally decided that American Alloy would not do business with any company in the steel business that was owned by or that employed Hume or Schultz.  Moore and American Alloy deny the remaining allegations of Paragraph 20 of the Complaint.

21.     Moore and American Alloy admit that the quotations in Paragraph 21 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.  Moore and American Alloy deny the remaining allegations of Paragraph 21 of the Complaint.

22.     Moore and American Alloy admit that the quotations in Paragraph 22 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.  Moore and American Alloy deny the remaining allegations of Paragraph 22 of the Complaint.

23.     Moore and American Alloy admit that the quotations in Paragraph 23 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.  Moore and American Alloy deny the remaining allegations of Paragraph 23 of the Complaint.

24.     Moore and American Alloy deny the allegations of Paragraph 24 of the Complaint.

25.     Moore and American Alloy deny the allegations of Paragraph 25 of the Complaint.

26.     Moore and American Alloy admit that Paragraph 26 of the Complaint attempts to allege a violation of Section 1 of the Sherman Act but deny that Plaintiff has sufficiently pleaded

such a cause of action, deny that there was such a violation, and deny that Plaintiff is entitled to any relief.

27.     Moore and American Alloy admit the allegations of Paragraph 27 of the Complaint.

28.     Moore and American Alloy admit the allegations of Paragraph 28 of the Complaint.

29.     Moore and American Alloy admit that venue is appropriate in this District but deny the remaining allegations of Paragraph 29 of the Complaint.

30.     Moore and American Alloy deny the allegations of Paragraph 30 of the Complaint.

31.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore deny the same.

32.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore deny the same.

33.     Moore and American Alloy admit the allegations of Paragraph 33 of the Complaint.

34.     Moore and American Alloy admit the allegations of Paragraph 34 of the Complaint.

35.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore deny the same.

36.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore deny the same.

37.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore deny the same.

38.     Moore and American Alloy deny the allegations of Paragraph 38 of the Complaint.

39.     The allegations of Paragraph 39 of the Complaint are definitional and do not require a response.

40.     Moore and American Alloy admit that their activities were within the flow of and substantially affected interstate commerce.  Moore and American Alloy deny the remaining allegations of Paragraph 40 of the Complaint.

41.     Moore and American Alloy deny the allegations of Paragraph 41 of the Complaint.

42.     Moore and American Alloy admit the allegations of Paragraph 42 of the Complaint on information and belief as to the steel mill defendants.  Moore and American Alloy deny the remaining allegations of Paragraph 42 of the Complaint.

43.     Moore and American Alloy admit the allegations of the first sentence of Paragraph 43 of the Complaint and that Reliance/Chapel and American Alloy are competitors of each other.  Moore and American Alloy deny the remaining allegations of Paragraph 43 of the Complaint.

44.     Moore and American Alloy admit the allegations of Paragraph 44 of the Complaint.

45.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore deny the same.

46.     Moore and American Alloy admit the allegations of the first sentence of Paragraph 46 of the Complaint.  Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 46 of the Complaint and therefore deny the same.

47.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and therefore deny the same.

48.     Moore and American Alloy admit the allegations of Paragraph 48 of the Complaint on information and belief.

49.     Moore and American Alloy admit the allegations of the first two sentences of Paragraph 49 of the Complaint.  Moore and American Alloy deny the remaining allegations of Paragraph 49 of the Complaint.

50.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint and therefore deny the same.

51.     Moore and American Alloy admit the allegations of Paragraph 51 of the Complaint but deny that "the Gulf Coast region" is a relevant market.

52.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 52 of the Complaint and therefore deny the same.  Moore and American Alloy admit the allegations of the second sentence of Paragraph 52 of the Complaint.

53.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint and therefore deny the same.

54.     Moore and American Alloy deny the allegations of Paragraph 54 of the Complaint.

55.     Moore and American Alloy deny the allegations of Paragraph 55 of the Complaint.

56.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint and therefore deny the same.

57.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint and therefore deny the same.

58.     Moore and American Alloy admit that the quotations in Paragraph 58 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.  Moore and American Alloy admit the allegations of the last sentence of Paragraph 58 of the Complaint on information and belief.

59.     Moore and American Alloy deny the allegations of Paragraph 59 of the Complaint.

60.     Moore and American Alloy admit that the quotations in Paragraph 60 of the Complaint are from an email to or from Mr. Moore but aver that they are incomplete and taken completely out of context.   Moore and American alloy deny the remaining allegations of Paragraph 60 of the Complaint.

**After the State-Court Lawsuit, Defendants Conspire to Destroy MM Steel**

61.     Moore and American Alloy deny the allegations of Paragraph 61 of the Complaint.

**Despite a Contract, JSW Refuses to Sell to MM Steel**

62.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint and therefore deny the same.

63.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and therefore deny the same.

64.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first two sentences of Paragraph 64 of the Complaint and therefore deny the same.   Moore and American Alloy deny that they "threatened JSW."

65.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint and therefore deny the same.

66.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first three sentences of Paragraph 66 of the

Complaint and therefore deny the same.  Moore and American Alloy deny the allegations of the last sentence of Paragraph 66 of the Complaint.

67.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint and therefore deny the same.

68.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint and therefore deny the same.

69.    Moore and American Alloy deny the allegations of the first sentence of Paragraph 69 of the Complaint.  Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 69 of the Complaint and therefore deny the same.

70.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint and therefore deny the same.

71.    Moore and American Alloy deny the allegations of Paragraph 71 of the Complaint.

72.    Moore and American Alloy deny the allegations of Paragraph 72 of the Complaint.

73.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and therefore deny the same.

74.     Moore and American Alloy deny the allegations of Paragraph 74 of the Complaint.

75.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of the first sentence of Paragraph 75 of the Complaint and therefore deny the same.   Moore and American Alloy deny the remaining allegations of Paragraph 75 of the Complaint.

76.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint and therefore deny the same.

77.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint and therefore deny the same.

78.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint and therefore deny the same.

79.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint and therefore deny the same.

80.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint and therefore deny the same.

81.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint and therefore deny the

same.  Moore and American Alloy deny that their "eyes were on" Plaintiff in any improper or actionable way, deny that American Alloy was "terrified" about anything, and deny that American Alloy could or said it could "cut off Plaintiff MM Steel's supply of steel."

**Moore Sends a Similar Message to North Shore—That It Can Get Any Mill to Stop Doing Business with North Shore Should It Continue a Relationship with MM Steel**

82.    Moore and American Alloy deny the allegations of Paragraph 82 of the Complaint.

83.    Moore and American Alloy admit the allegations of the first sentence of Paragraph 83 of the Complaint.  Moore and American Alloy deny the remaining allegations of Paragraph 83 of the Complaint, except that Moore and American Alloy admit that North Shore is a customer of American Alloy's.

84.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint and therefore deny the same, except that Moore and American Alloy admit that Ginny Lindsey once worked at American Alloy.

85.    Moore and American Alloy deny the allegations of Paragraph 85 of the Complaint, except that Moore and American Alloy do not know what North Shore is or is not "concerned about."

86.    Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint and therefore deny the same.  Moore and American Alloy deny that they have threatened anyone.

87.    Moore and American Alloy deny the allegations of Paragraph 87 of the Complaint.

88.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint and therefore deny the same.  Moore and American Alloy deny that there was a "group boycott" and deny that they acted in concert with anyone.

89.     Paragraph 89 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required, Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

90.     Moore and American Alloy deny the allegations of Paragraph 90 of the Complaint.

91.     Moore and American Alloy deny the allegations of Paragraph 91 of the Complaint.

92.     Moore and American Alloy deny the allegations of Paragraph 92 of the Complaint.

93.     Moore and American Alloy admit that Plaintiff is attempting to allege a conspiracy but deny the other allegations of Paragraph 93 of the Complaint and specifically deny that they conspired with anyone.

94.     Moore and American Alloy deny the allegations of Paragraph 94 of the Complaint.

95.     Moore and American Alloy deny the allegations of Paragraph 95 of the Complaint.

96.     Moore and American Alloy deny the allegations of Paragraph 96 of the Complaint.

97.     Moore and American Alloy deny the allegations of Paragraph 97 of the Complaint.

98.     Paragraph 98 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required, Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

99.     Moore and American Alloy lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 99 of the Complaint and therefore deny the same.

100.    Paragraph 100 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required, Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

101.    Moore and American Alloy deny the allegations of Paragraph 101 of the Complaint.

102.    Moore and American Alloy deny the allegations of Paragraph 102 of the Complaint.

103.    Moore and American Alloy admit that Plaintiff seeks exemplary damages but deny the remaining allegations of Paragraph 103 of the Complaint and specifically deny that Plaintiff is entitled to damages of any sort.

104.    Paragraph 104 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required,

Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

105.    Moore and American Alloy deny the allegations of Paragraph 105 of the Complaint.

106.    Moore and American Alloy deny the allegations of Paragraph 106 of the Complaint.

107.    Moore and American Alloy admit that Plaintiff seeks exemplary damages but deny the remaining allegations of Paragraph 107 of the Complaint and specifically deny that Plaintiff is entitled to damages of any sort.

108.    Paragraph 108 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required, Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

109.    Moore and American Alloy deny the allegations of Paragraph 109 of the Complaint.

110.    Moore and American Alloy deny the allegations of Paragraph 110 of the Complaint.

111.    Moore and American Alloy admit that Plaintiff seeks exemplary damages but deny the remaining allegations of Paragraph 111 of the Complaint and specifically deny that Plaintiff is entitled to damages of any sort.

112.    Paragraph 112 purports to incorporate allegations from all preceding paragraphs, to which no additional response is required.  To the extent that a response may be required,

Moore and American Alloy adopt and incorporate by reference for all purposes their answers and responses to the preceding paragraphs as if fully set forth herein.

113.    Moore and American Alloy deny the allegations of Paragraph 113 of the Complaint.

114.    Moore and American Alloy deny the allegations of Paragraph 114 of the Complaint.

115.    Moore and American Alloy deny the allegations of Paragraph 115 of the Complaint.

116.    Moore and American Alloy deny the allegations of Paragraph 116 of the Complaint.

117.    Moore and American Alloy deny the allegations of Paragraph 117 of the Complaint.

118.    Moore and American Alloy admit that Plaintiff seeks attorneys' fees but deny the remaining allegations of Paragraph 118 of the Complaint and specifically deny that Plaintiff is entitled to attorneys' fees.

119.    Paragraph 119 of the Complaint demands a trial by jury, to which no response is required.

120.    Paragraph 120 of the Complaint identifies the relief requested by Plaintiff, to which no response is required.  To the extent that a response may be required, Moore and American Alloy deny that Plaintiff is entitled to any relief allegedly sought by Plaintiff in its "Prayer."

## <u>ADDITIONAL DEFENSES</u>

Without conceding that the following are in fact affirmative defenses or that Moore and American Alloy have the burden of proof on the following, Moore and American Alloy plead as follows:

121.    The Complaint fails to state a claim upon which relief can be granted.

122.    Plaintiff's antitrust claim is barred in whole or in part because it does not allege and Plaintiff cannot prove a properly defined relevant product market or a properly defined relevant geographic market.

123.    Plaintiff's antitrust claim is barred in whole or in part because Moore and American Alloy had legitimate business justifications for their conduct and because their actions were pro-competitive.

124.    Plaintiff's antitrust claim is barred in whole or in part because there was no horizontal agreement between or among competitors to refuse to deal with Plaintiff.

125.    Plaintiff's antitrust claim is barred in whole or in part because there was no horizontal agreement between or among competitors to refuse to deal with Plaintiff conditioned on a promise by one competitor that it had agreements with other competitors that they would refuse to deal with Plaintiff and that the first competitor said it would enforce such agreements.

126.    Moore's and American Alloy's alleged conduct did not have an adverse effect on competition.

127.    Plaintiff's claims for tortious interference, if any, are barred in whole or in part by the doctrines of privilege, excuse, and/or justification.

128.    Plaintiff's claims for tortious interference, if any, are barred in whole or in part by § 771 of the Restatement (Second) of Torts.

129.    Plaintiff's claims for tortious interference with prospective contractual relations, if any, are barred because it cannot show a reasonable probability of prospective contractual relations.

130.    Plaintiff's claims for tortious interference with prospective business relations, if any, are barred because it cannot show that Moore or American Alloy interfered with its prospective business relations, let alone that Moore or American Alloy intentionally interfered with its prospective business relations.

131.    Plaintiff's claims for tortious interference with prospective contractual relations, if any, are barred because it cannot show a requisite independent tort or independent unlawful act by Moore or American Alloy.

132.    Plaintiff's claim for disparagement is barred by the defense of justification.

133.    Plaintiff's claim for disparagement is barred by the defense of truth.

134.    Plaintiff has not suffered any injury or damage by reason of any act or omission by Moore or American Alloy.

135.    Plaintiff has not suffered any antitrust injury by reason of any act or omission by Moore or American Alloy.

136.    Moore's and American Alloy's conduct was not the producing cause of any injury or damage to Plaintiff.

137.    Plaintiff's claimed damages are too speculative and remote to permit an award of damages.

138.    To the extent, if any, that Plaintiff has been damaged, its claims are barred in whole or in part because it has failed to mitigate its claimed damages.

139.    Plaintiff's claims against and attempted recovery of damages from Moore and American Alloy are barred by the doctrine of proportionate or comparative responsibility as it applies to its own conduct.  Plaintiff's negligence, comparative negligence, mismanagement, and incompetence were a proximate cause of any injuries and damages that Plaintiff may have suffered.  As a result, Plaintiff's claims against Moore and American Alloy are barred, in whole or in part, by such fault.  Moore and American Alloy therefore request that any award made against them by the jury or the Court herein be reduced by that percentage or degree of fault attributable to Plaintiff.

140.    Any award of punitive, exemplary, or statutory treble damages in this case would be arbitrary, unreasonable, excessive and in violation of Moore's and American Alloy's rights to due process of law, equal protection of the law, and the guaranty against double jeopardy under the Fifth, Eighth, and/or Fourteenth Amendments of the United States Constitution, the Commerce Clause of the United States Constitution, the due process clause of the Texas Constitution, and applicable Texas statutes.

141.    Moore and American Alloy assert that punitive, exemplary, or statutory treble damages should not be imposed in this case unless Plaintiff is able to prove its case both by clear and convincing evidence and beyond a reasonable doubt.  Failure to include this higher burden of proof in connection with assessing punitive, exemplary, or statutory treble damages constitutes a deprivation of property without due process, contrary to the Fifth and/or Fourteenth Amendment to the United States Constitution.

142.    To the extent that Plaintiff has been damaged, which Moore and American Alloy deny, then Plaintiff's claims are barred in whole or in part because the alleged damages are speculative and impossible to ascertain and allocate.

143.    Moore and American Alloy incorporate by reference any other applicable defenses asserted and proven by other defendants or otherwise demonstrated by the evidence presented to the Court.

144.    Plaintiff's conspiracy claims are barred under *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).

For these reasons, Moore and American Alloy respectfully pray that this Court enter its judgment that Plaintiff take nothing by way of its lawsuit, that Moore and American Alloy recover their costs, and that they be awarded all other relief to which they are entitled under the law.

Dated:  December 21, 2012.

Respectfully submitted,

By:_____/s/ Chris Hanslik_____
        Chris Hanslik
        State Bar No. 00793895
        Federal ID No. 19249
        chanslik@boyarmiller.com
        Sara Richey
        State Bar No. 24068763
        srichey@boyarmiller.com
BOYAR MILLER
4265 San Felipe, Suite 1200
Houston, Texas 77027
Telephone:  (713) 850-7766
Telecopier:  (713) 552-1758

William R. Pakalka
State Bar No. 15420800
Federal ID No. 1572
wpakalka@fulbright.com
Anne M. Rodgers
State Bar No. 17133025
Federal ID No. 12576
arodgers@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

**Attorneys for Defendants American Alloy Steel, Inc. and Arthur J. Moore**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 21, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

_/s/ Anne M. Rodgers_
Anne M. Rodgers