IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | Civil Action No. 4:12-cv-01227 |
| CHAPEL STEEL CORP., AMERICAN | § | |
| ALLOY STEEL, INC., ARTHUR J. | § | |
| MOORE, JSW STEEL (USA) INC., | § | |
| NUCOR CORP. & SSAB ENTERPRISES, | § | |
| LLC D/B/A SSAB AMERICAS, | § | |
| | § | |
| | § | |
| Defendants. | § | Jury Trial Demanded |

## DECLARATION OF MO TAHERZADEH

Pursuant to 28 U.S.C. § 1746, I, Mo Taherzadeh, declare and state as follows:

1. I am an attorney in good standing and licensed by the State Bar of Texas and admitted to practice before the United States District Court for the Southern District of Texas. I am an attorney for Plaintiff MM Steel, LP.

2. During the pre-trial telephone conference on February 6, 2014, the Court notified the parties that an attorney for defendant JSW Steel (USA) Inc., Emily Miller of Thompson & Knight LLP, had been in the jury assembly room and observed the venire. When Court personnel discovered her presence and identity, she was asked to leave. The Court personnel brought the issue to the Court's attention.

3. Shortly after the telephone conference with the Court, Marc Tabolsky of Yetter Coleman, LLP and I had a telephone conference with Hunter Barrow and Emily Miller of Thompson & Knight. According to Mr. Barrow, Wade Johnson, a Thompson & Knight associate, and Patsy Chavez, a Thompson & Knight paralegal, were also in the room during the phone call. Mr. Barrow is the attorney in charge for defendant JSW.

4. During that call, Mr. Hunter and Ms. Miller stated:

    a. Ms. Miller went to the jury assembly room to observe the venire at Mr. Barrow's direction;

    b. Ms. Miller was in the jury assembly room for at least 90 minutes;

    c. Ms. Miller did not identify herself to the court personnel until after they approached her and asked her who she was;

-2-

   d. Upon identifying herself as an attorney for a defendant, she was instructed to leave the jury room;

   e. Ms. Miller took notes while she was in the jury room, which Mr. Barrow represented would be preserved in their original form;

   f. Ms. Miller shared with Mr. Barrow what she observed in the jury room;

   g. Mr. Barrow shared with co-defendants' counsel Ms. Miller's observations during a phone call; and

   h. Mr. Barrow refused to produce a copy of Ms. Miller's notes or any email or other correspondence with other counsel for Defendants regarding Ms. Miller's presence in the jury assembly room. Mr. Barrow described the notes as "work product."

5. By an email sent by Mr. Tabolsky to Mr. Barrow later that day, on which counsel for the remaining defendants were copied, MM Steel requested again that JSW produce copies of Ms. Miller's notes in their original format as she recorded them. Mr. Barrow responded two days later and refused to share "our notes."

6. We asked Mr. Barrow to bring a copy of Ms. Miller's original notes to the pre-trial hearing on February 10, 2014.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed the 10th day of February 2014 in Houston, Texas.


*/s/ Mo Taherzadeh*_____
Mo Taherzadeh