UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:12-CV-01227 |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | |
| CHAPEL STEEL CORP., AMERICAN | § | |
| ALLOY STEEL, INC., ARTHUR J. | § | |
| MOORE, JSW STEEL (USA) INC., | § | |
| NUCOR CORP., AND SSAB ENTERPISES, | § | |
| LLC D/B/A SSAB AMERICAS | § | |
| | § | |
| Defendants. | § | |

_____

**DECLARATION OF MARC S. TABOLSKY**
_____

1.      My name is Marc S. Tabolsky.  I am over the age of eighteen years, capable of making this declaration, and fully competent to testify to the matters stated here.  I have personal knowledge of the facts stated, and they are true.

2.       I am a partner in the law firm of Yetter Coleman LLP, which is counsel for Plaintiff MM Steel, LP.  I am an attorney in good standing and licensed by the State Bar of Texas and admitted to practice before the United States District Court for the Southern District of Texas.

3.      After the conference call with the Court on the morning of Thursday, February 6, 2014.  Mo Taherzadeh and I spoke by telephone with Hunter Barrow and Emily Miller of Thompson & Knight, L.L.P., counsel for JSW Steel (USA) Inc.  During the phone call, Mr. Barrow stated that Wade Johnson, a Thompson & Knight associate, and Patsy Chavez, a Thompson & Knight paralegal were also in the room during the call.

4.      During the call, Mr. Barrow and Ms. Miller stated that
- Mr. Barrow instructed Ms. Miller to go to room where the venire was answering the jury questionnaire given by the Court in order to observe the venire.

- Ms. Miller did go to the room where the venire was gathered.

- Ms. Miller stated that she was there for at least 90 minutes.

- Ms. Miller stated that she did not identify herself to the court personnel in the room until they approached her and asked her who she was.

- Upon being asked who she was and identifying herself, she was instructed to leave the room.

- Ms. Miller took written notes while in the room with the venire.

- Ms. Miller reported to Mr. Barrow regarding what she observed.

- Mr. Barrow subsequently had a conversation with counsel for defendants American Alloy, Arthur Moore, Reliance, Chapel, and Nucor regarding what Ms. Miller reported to him.

5.      During this call, I asked Mr. Barrow to produce Ms. Miller's notes from when she was in the room with the venire. Mr. Barrow refused to produce these notes. He characterized these notes as "work product." I then asked that he preserve the original notes and bring them to the courthouse on Monday so they would be available for the Court's inspection. Mr. Barrow said that he would do that.

6.      Later on Thursday, I sent an email to Mr. Barrow in which I asked him to reconsider his position about producing Ms. Miller's original notes to us, as well as any other related documents. A true and correct copy of my email is attached as Exhibit 3 to Plaintiff MM Steel's Motion to Remedy Defense Misconduct.

7.      Mr. Barrow did not respond to my request until Saturday afternoon. In his response, Mr. Barrow stated that he was not going to produce "our notes." A true and correct copy of Mr. Barrow's email is attached as Exhibit 4 to Plaintiff MM Steel's Motion to Remedy Defense Misconduct.

8.      During the February 6 conference call, the Court stated that counsel for the parties should confer regarding any agreements on venire members who should be excused. On Sunday, February 9, 2014, I conferred counsel for the defendants to discuss potential agreements regarding members of the venire who should be excused for hardships, schedule conflicts, or other reasons. The counsel for the defendants who identified themselves as being on the call were Hunter Barrow, counsel for JSW Steel; Karl Stern, counsel for Reliance and Chapel; Chris Hanslik and Anne Rodgers, counsel for American Alloy and Mr. Moore; and David Gersch for Nucor. The call began at approximately 3:00 pm. MM Steel's counsel identified venire members who it sought

agreement should be excused for hardship, schedule conflict, or cause and the reasons why for each person.  Then defense counsel identified venire members who it sought agreement should be excused for hardship, schedule conflict, or cause and their reasons why.  The defense counsel on the call then asked to recess the call for about 15 minutes so they could "caucus" to discuss MM Steel's suggestions.  The first call ended around 3:20pm.  At about 3:40 p.m., the defense counsel called back into the conference call line. The defense counsel responded to MM Steel's proposals and identified one additional venire member who they wanted to know if MM Steel would agree should be excused for hardship.

9.      MM Steel was disadvantaged during these discussion because while MM Steel only had the information available in the jury questionnaires, the defendants' counsel also had the benefit of having been able to previously observe the members of the venire in person.

10.     The first that MM Steel or its counsel learned of Ms. Miller's presence in the jury room on Wednesday, February 5, 2014 was when the Court raised the issue on February 6, 2014.  While counsel for all of the defendants knew of Ms. Miller having gone to observe the venire in the jury room, none of them disclosed this to counsel for MM Steel.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.


/s/ Marc S. Tabolsky
Marc S. Tabolsky