IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MM STEEL, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| RELIANCE STEEL & ALUMINUM CO., § | |
| CHAPEL STEEL CORP., AMERICAN § | CIVIL ACTION NO. 4:12-CV-01227 |
| ALLOY STEEL, INC., ARTHUR J. § | |
| MOORE, JSW STEEL (USA) INC., NUCOR § | |
| CORP. & SSAB ENTERPRISES, LLC § | |
| D/B/A SSAB AMERICAS, § | |
| § | |
| Defendants. § | |

### NUCOR'S BRIEF TO PRECLUDE JAMES MAHONEY FROM TESTIFYING ABOUT NUCOR'S DISTRIBUTION STRATEGY AND THE EXISTENCE OF A CONSPIRACY

Nucor moves to preclude Plaintiff's proposed expert James Mahoney from testifying about (i) Nucor's distribution strategy and (ii) the existence of a conspiracy. Plaintiff has advised that it intends to present Mr. Mahoney as its first witness, on February 18, 2014.

**First**, Mr. Mahoney states in his supplemental expert report that "Nucor's channel strategy justification does not appear to be credible." Mahoney Supp. Report at 6; *see also* Mahoney Report at 6-7. It is unclear what this means, but under any interpretation such testimony should be excluded. If Mr. Mahoney is suggesting that Nucor's witnesses are not telling the truth, it would be improper to comment on other witnesses' credibility. *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995) ("An expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility." (internal quotations and alterations omitted)); *Floyd v. Hefner*, 556 F. Supp. 2d 617, 644 (S.D. Tex. 2008).

If instead Mr. Mahoney is indicating that Nucor's distribution strategy is ineffective, *see* Mahoney Supp. Report at 6 ("A channel strategy might be effective if Nucor . . . ."), that testimony would be irrelevant—the business effectiveness of Nucor's strategy is not at issue in this case. It is enough that Nucor's plate mills employ this particular distribution method, which explains Nucor's lack of interest in selling to MM Steel. Even if the effectiveness of Nucor's distribution strategy were relevant, Mr. Mahoney has done no study on the success of Nucor's approach.

**Second**, Mr. Mahoney lacks any basis for testifying about Nucor's plate mills. He has never worked for Nucor, nor purchased plate from either of the two Nucor plate mills whose distribution policy is at issue here. Mahoney Dep. at 45-46. He has not even attempted to address the explanation of Nucor's distribution strategy in the report of Nucor's expert, Dr. Jacobs.

**Third**, although he admits this case is about discrete plate, *id.* at 325, Mr. Mahoney has never been personally involved in a single transaction of discrete steel plate with any plate mill or service center. *Id.* at 317-18, 322-23. Mr. Mahoney's experience is confined to working with and for steel sheet mills. *Id.* at 316, 322. Without any plate mill experience, Mr. Mahoney is unqualified to make general assertions about "industry practice," Mahoney Supp. Report at 6, let alone opine on how such "industry practice" would relate to Nucor's plate mill distribution strategy. *See, e.g.*, *Quintanilla v. Komori Am. Corp.*, 2007 WL 1309539, at *4 (E.D.N.Y. May 4, 2007) (excluding expert for "lack of relevant experience" in the "field of expertise at issue" (quotations omitted)), *aff'd*, 2009 WL 320186 (2d Cir. Feb. 10, 2009).

**Finally**, Nucor also seeks to preclude testimony from Mr. Mahoney regarding the existence of a conspiracy. Mr. Mahoney stated in his report that he could not "think of a rational

basis" for the actions of certain Defendants "but for a conspiracy." Mahoney Report at 6. However, expert witnesses may not offer opinions that are legal conclusions. *See Matthews v. Ashland Chemical, Inc.*, 770 F.2d 1303, 1311 (5th Cir. 1985).

## CONCLUSION

For the foregoing reasons, the Court should preclude James Mahoney from testifying about Nucor's distribution strategy or the existence of a conspiracy.[1]

---

[1] Although the Court previously denied Defendants' Motion to Exclude Testimony and Report of James Mahoney, it did so "without prejudice to appropriate evidentiary objections to particular questions and/or answers." Dkt. 272. By this brief, Nucor makes targeted evidentiary objections to particular questions and answers in accordance with the Court's prior order.

February 17, 2014                                       Respectfully submitted,


  /s/ Robert J. Katerberg
Robert J. Katerberg
(Attorney-In-Charge; Admitted *Pro Hac Vice*)
David P. Gersch (Admitted *Pro Hac Vice*)
Donna E. Patterson (Admitted *Pro Hac Vice*)
Jason C. Ewart (Admitted *Pro Hac Vice*)
Rosemary Szanyi (Admitted *Pro Hac Vice*)
Andrew S. Macurdy (Admitted *Pro Hac Vice*)
ARNOLD & PORTER LLP
555 Twelfth Street NW
Washington, DC  20004
Telephone:  (202) 942-5000
Facsimile:   (202) 942-5999
Email: Robert.Katerberg@aporter.com

S. Albert Wang (Admitted *Pro Hac Vice*)
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Flr
Los Angeles, CA 90017
Telephone:  (213) 243-4000
Facsimile:   (213) 243-4199

Walter M. Berger (Local Counsel)
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Telephone: (713) 651-2611
Facsimile:  (713) 651-2700

Douglas R. Gunson (Admitted *Pro Hac Vice*)
NUCOR CORPORATION
1915 Rexford Road
Charlotte, NC 28211
Telephone: (704) 366-7000
Facsimile:  (704) 972-1836

**Attorneys for Defendant Nucor Corporation**

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 17, 2014, the foregoing document was transmitted to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing for this filing to all registered counsel of record.

       /s/ Andrew Macurdy
       Andrew Macurdy