IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | |
| CHAPEL STEEL CORP., AMERICAN | § | CIVIL ACTION NO. 4:12-CV-01227 |
| ALLOY STEEL, INC., ARTHUR J. | § | |
| MOORE, JSW STEEL (USA) INC., NUCOR | § | |
| CORP. & SSAB ENTERPRISES, LLC | § | |
| D/B/A SSAB AMERICAS, | § | |
| | § | |
| Defendants. | § | |

### NUCOR'S TRIAL BRIEF TO EXCLUDE PORTIONS OF CERTAIN RECORDED CONVERSATIONS

Nucor seeks to exclude portions of three conversations Plaintiff MM Steel ("MM") recorded between Mike Hume, Matt Schultz, and non-party Byron Cooper. The recorded conversations are PX3, PX4, and PX5. These recorded conversations are likely to be placed at issue during the testimony of Byron Cooper, whom Plaintiff has said it will call on Wednesday, February 26.

Defendants previously moved in limine to exclude one of these recordings, PX5, in its entirety. Dkt. 331. The Court ruled that PX5 may be played to the jury only (i) "as a past recollection recorded" if Mr. Cooper "claims he does not remember making the statements in the recording," or (ii) for impeachment purposes "to the extent Mr. Cooper denies making the statements in question." Dkt. 379 at 5. Because "the [hearsay] statements in question were

clearly not in furtherance of the alleged conspiracy," the Court stated that "they cannot be admitted under the coconspirator exception." *Id.*

Nucor requests that the Court (a) apply that earlier ruling to PX3 and PX4 (which raise the same issue addressed in the Court's earlier ruling on PX5), and (b) exclude certain portions of all three recordings that are inadmissible for reasons not covered by the court's prior order, specifically 1) hearsay statements Mike Hume or Matt Schultz recorded themselves making to Mr. Cooper, 2) hearsay statements Mr. Cooper says on the recording that others made to him, and 3) hearsay statements by Mr. Cooper about whether certain conduct is illegal.

## BACKGROUND

During the relevant time period, MM worked extensively with another Houston-area steel plate distributor, North Shore Supply Co. ("North Shore"). North Shore both purchased steel plate from MM and supplied steel plate to MM. In early 2012, MM began selling plate from North Shore's inventory to MM's customers on a "commission" basis. North Shore and MM engaged in hundreds of transactions from late 2011 through mid-2013, and the relationship generated hundreds of thousands of dollars of income for MM.

Byron Cooper is North Shore's General Manager. In March 2012, after Mr. Hume and Mr. Schultz had started investigating this case, they began secretly recording conversations they had with Mr. Cooper. In the first conversation (PX5), Mr. Cooper describes a phone conversation that he claims to have had with Mr. Whiteman of Nucor. Mr. Cooper makes a number of statements, some of which are purported paraphrases of what Mr. Whiteman said to him on the phone. The statements attribute opinions and conduct to various service centers and mills, including all of the Defendants, and several non-Defendants. In two other conversations (PX3 and PX4), Mr. Cooper relays statements to MM made by his boss, Buzzy Bluestone, about

MM, and Mr. Hume makes several self-serving statements about the "bad" and "rough" "spot" MM is in.  Finally, in PX3 and PX4, Mr. Cooper expresses opinions as to certain conduct being "not right legally" or "illegal."  For the reasons set forth below, the court should exclude certain portions of each of these recorded conversations.

## ARGUMENT

*First*, the Court should exclude all recorded statements by Mr. Cooper that MM does not properly used to refresh his recollection or to impeach.  On all three recordings, Mr. Cooper discusses doing business with MM, and volunteers information for the benefit of MM, which could not further any conspiracy.  As the Court found with PX5, these hearsay statements "clearly" are not in furtherance of the alleged conspiracy and therefore are not admissible under the co-conspirator exception.  Dkt. 379 at 5; *see also United States v. Adkism*, 1999 WL 301315, at *10 (5th Cir. Apr. 26, 1999) (co-conspirator exception cannot apply to statements that "had an objective opposed to, or at least in tension with, the" alleged conspiracy).

*Second*, the Court should exclude all of Mr. Hume's and Mr. Schultz's remarks on these recordings they made themselves.  These self-serving statements are hearsay and particularly suspect because, according to MM's counsel, Mr. Hume and Mr. Schultz made the statements on these recordings after they began investigating this case.  Tr. Trans. 321-22.

*Third*, the Court should exclude all statements by Mr. Cooper in which he makes statements about what someone else (such as Buzzy Bluestone, Mr. Cooper's boss at North Shore) has told him.  These statements constitute a second layer of hearsay within Mr. Cooper's statements, and thus are inadmissible unless covered by an independent exception.  Fed. R. Evid. 805.  No exception applies.

*Fourth*, the Court should exclude all statements by Mr. Cooper in which he opines about whether certain conduct is illegal. It is well-established that there is "only one spokesman of the law" at trial, "who of course is the judge." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (internal quotation marks omitted). Evidence designed to provide the jury with legal conclusions is inadmissible. *See, e.g.*, *Arredondo v. Flores*, 2007 WL 4563416, at *3 (S.D. Tex. Jan. 31, 2007) (excluding testimony regarding interpretation of constitutional law as it "would usurp the role of the Court"). Such statements are irrelevant, Fed. R. Evid. 401, and unfairly prejudicial to Defendants and confusing and misleading to the jury, Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, the Court should exclude from evidence all portions of recordings PX3, PX4, and PX5 that constitute 1) hearsay statements by Mr. Cooper not used to refresh his recollection or to impeach, 2) hearsay statements by Mike Hume or Matt Schultz, 3) hearsay statements by third parties that Mr. Cooper discusses on the recordings, and 4) hearsay statements by Mr. Cooper that offer legal conclusions.

February 26, 2014         Respectfully submitted,

            /s/ Robert J. Katerberg
           Robert J. Katerberg
           (Attorney-In-Charge; Admitted *Pro Hac Vice*)
           David P. Gersch (Admitted *Pro Hac Vice*)
           Donna E. Patterson (Admitted *Pro Hac Vice*)
           Jason C. Ewart (Admitted *Pro Hac Vice*)
           Rosemary Szanyi (Admitted *Pro Hac Vice*)
           Andrew S. Macurdy (Admitted *Pro Hac Vice*)
           ARNOLD & PORTER LLP
           555 Twelfth Street NW
           Washington, DC  20004
           Telephone:  (202) 942-5000
           Facsimile:   (202) 942-5999
           Email: Robert.Katerberg@aporter.com

           S. Albert Wang (Admitted *Pro Hac Vice*)
           ARNOLD & PORTER LLP
           777 South Figueroa Street, 44th Flr
           Los Angeles, CA 90017
           Telephone:  (213) 243-4000
           Facsimile:   (213) 243-4199

           Walter M. Berger (Local Counsel)
           WINSTON & STRAWN LLP
           1111 Louisiana, 25th Floor
           Houston, TX 77002
           Telephone: (713) 651-2611
           Facsimile:  (713) 651-2700

           Douglas R. Gunson (Admitted *Pro Hac Vice*)
           NUCOR CORPORATION
           1915 Rexford Road
           Charlotte, NC 28211
           Telephone: (704) 366-7000
           Facsimile:  (704) 972-1836

           **Attorneys for Defendant Nucor Corporation**

**CERTIFICATE OF FILING AND SERVICE**

      I hereby certify that on February 26, 2014, the foregoing document was transmitted to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing for this filing to all registered counsel of record.

      /s/ S. Albert Wang
      S. Albert Wang