UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, LP, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:12-CV-01227 |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | |
| CHAPEL STEEL CORP., AMERICAN | § | |
| ALLOY STEEL, INC., ARTHUR J. | § | |
| MOORE, JSW STEEL (USA) INC., | § | |
| NUCOR CORP., AND SSAB ENTERPISES, | § | |
| LLC D/B/A SSAB AMERICAS | § | |
| | § | |
|     Defendants. | § | Jury Trial Requested |

_____

**PLAINTIFF MM STEEL'S MOTION TO
BAR RE-LITIGATING OF STATE COURT LAWSUIT**
_____

Defendants should be barred from re-litigating the state court case here, which will confuse the jury, unfairly prejudice MM Steel, and needlessly prolong this trial.  As the Court is aware, Chapel and MM Steel reached a mutual agreement in the state court lawsuit within weeks of its inception.  Under that compromise, no party admitted liability, and the state court made no decision as to any of the merits of that lawsuit. The parties mutually agreed on certain selling restrictions and ended the lawsuit.  Those are undisputed facts.

Defendants have repeatedly invoked the state court lawsuit as being relevant to their denial of liability and damages.  We disagree, but even if that is so, nothing justifies re-litigating the state-court claims here, by ***introducing evidence*** to prove the ***allegations*** in that case.  Those allegations ***were not adjudicated*** because both parties settled.  Defendants are not entitled to

present to the jury ***allegations or pleadings*** in a settled case to unfairly prejudice MM Steel and

confuse the jury.  Defendants should be barred from asking about alleged "fiduciary breaches,"

"breaches" of disputed covenants not to compete, or other alleged torts, because the parties

mutually agreed to drop those issues in October 2011.  This is not the forum to decide whether

such breaches occurred, or covenants existed, or "trade secrets" were taken in the first place.

For this reason, MM Steel respectfully asks the Court to instruct the jury as follows:

> Ladies and gentlemen, you have heard references to a state court lawsuit that
> Chapel filed against MM Steel in September 2011.  That lawsuit ended by mutual
> agreement of the parties in October 2011.  The state court never decided whether
> any of the claims in that case were true or false.  Nor will you be asked to decide
> those claims here in this case.  I will give you further instructions to consider
> when all the evidence has been presented and before you start your deliberations.

This proposed curative instruction is necessary to mitigate the harm caused by the

repeated comments in the jury's presence about "court orders," "temporary restraining orders,"

"imposed restrictions," and the like.  It is consistent with settled antitrust law, which holds that

conspirators in a group boycott cannot defend their conduct on the ground that they believed the

plaintiff engaged in wrongful conduct.  *See, e.g., United States v. General Motors Corp.*, 384

U.S. 127, 146 (1966) (holding even the purported tortious conduct of a plaintiff is no defense to a

group boycott); *Fashion Originators' Guild of Am. v. FTC*, 312 U.S. 457, 468 (1941) (same).

CONCLUSION AND PRAYER

For these reasons, Plaintiff respectfully requests that the Court instruct the jury that:

> Ladies and gentlemen, you have heard references to a state court lawsuit that Chapel filed
> against MM Steel in September 2011.  That lawsuit ended by mutual agreement of the
> parties in October 2011.  The state court never decided whether any of the claims in that
> case were true or false.  Nor will you be asked to decide those claims here in this case.  I
> will give you further instructions to consider when all the evidence has been presented
> and before you start your deliberations.

Dated: February 28, 2014                          Respectfully submitted,

Of Counsel**:**                                   /s/ *Mo Taherzadeh*_____
                                                  Mo Taherzadeh
R. Paul Yetter                                    TAHERZADEH LAW FIRM
pyetter@yettercoleman.com                         State Bar No. 24028022
State Bar No. 22154200                            1001 West Loop South, Suite 700
Marc S. Tabolsky                                  Houston, Texas 77027
mtabolsky@yettercoleman.com                       Telephone: (713) 360-6055
State Bar No. 24037576                            Facsimile: (713) 626-7113
Bryce L. Callahan                                 mo@taherzadehlaw.com
State Bar No. 24055248
YETTER COLEMAN LLP                                Attorney-in-Charge for
909 Fannin, Suite 3600                            Plaintiff MM Steel, LP.
Houston, Texas  77010
Telephone: (713) 632-8000
Facsimile: (713) 632-8002

R. Tate Young
tyoung@tateyounglawfirm.com
TATE YOUNG LAW FIRM
State Bar No. 22207100
1001 West Loop South, Suite 700
Houston, Texas 77027
Telephone: (713) 626-7112
Facsimile: (713) 626-7113

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record this 28th day of February 2014, in compliance with the Federal Rules of Civil Procedure via the Court's ECF system for filing.

/s/ *Marc S. Tabolsky*_____
Marc S. Tabolsky