UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MM STEEL, LP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| RELIANCE STEEL & ALUMINUM CO., § | |
| CHAPEL STEEL CORP., AMERICAN § | CASE NO. 4:12-CV-01227 |
| ALLOY STEEL, INC., ARTHUR J. MOORE, § | |
| JSW STEEL (USA) INC., & NUCOR CORP. § | |
| § | |
| Defendants. § | |

**MOTION OF DEFENDANTS ARTHUR J. MOORE AND
AMERICAN ALLOY STEEL, INC. TO PRECLUDE DR. STEPHEN MAGEE FROM
TESTIFYING ABOUT A LACK OF EXPERT TESTIMONY REGARDING AMERICAN
ALLOY'S REASONS FOR NOT DOING BUSINESS WITH PLAINTIFF**

Defendants Arthur J. Moore and American Alloy Steel, Inc. move to preclude Plaintiff's proposed expert Dr. Stephen P. Magee from testifying that Defendants' experts do not assert any procompetitive justification or economic defense for Moore and American Alloy's refusal to do business with Plaintiff MM Steel, L.P. Dr. Magee has stated that "none of Defendants' experts suggest that there is any procompetitive justification for the actions of" Moore and American Alloy and that "Defendants experts do not even assert an economic defense for their anticompetitive actions in this case." Supp. Rpt. ¶ 52. That commentary is inadmissible. Fed. R. of Evid. 702; *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993); *see also* Fed. R. of Evid. 403.

"An expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility." *Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995) (internal quotations and alterations omitted). Such an expert opinion would be inadmissible even

53118063

if the credibility arguments offered were somehow allegedly rooted in the witness's expertise, *see Nimely v. City of New York*, 414 F.3d 381, 398-399 (2d Cir. 2005)—which Dr. Magee's statements are not.  Such testimony must be excluded, because it "does not require special expertise and is merely a commentary on the . . . evidence in this case. It is the jury's role to assess the evidence and to determine the contested issues of fact." *Floyd v. Hefner*, 556 F.Supp.2d 617, 644 (S.D. Tex. 2008); *see In re Air Crash Disaster at New Orleans, Louisiana on July 9, 1982*, 795 F.2d 1230, 1233 (5th Cir. 1986) ("Stated more directly, the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.").

For these reasons, the Court should exclude Dr. Stephen Magee from testifying about any lack of testimony by Defendants' experts regarding any procompetitive justification or economic defense for Moore and American Alloy's refusal to do business with plaintiff MM Steel.

Respectfully submitted,

Of Counsel:
William R. Pakalka
State Bar No. 15420800
Anne M. Rodgers
State Bar No. 17133025
Geraldine W. Young
State Bar No. 24084134
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246

*/s/ Chris Hanslik*
   Chris Hanslik
   State Bar No. 00793895
   Federal ID No. 19249
4265 San Felipe, Suite 1200
Houston, Texas 77027
Telephone:  (713) 850-7766
Telecopier:  (713) 552-1758

ATTORNEY-IN-CHARGE FOR DEFENDANTS ARTHUR J. MOORE AND AMERICAN ALLOY STEEL, INC.

### CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 6, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

   */s/  Geraldine W. Young*
   Geraldine W. Young

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MM STEEL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RELIANCE STEEL & ALUMINUM CO., | § | |
| CHAPEL STEEL CORP., AMERICAN | § | CASE NO. 4:12-CV-01227 |
| ALLOY STEEL, INC., ARTHUR J. MOORE, | § | |
| JSW STEEL (USA) INC., NUCOR CORP., & | § | |
| SSAB ENTERPRISES, LLC D/B/A SSAB | § | |
| AMERICAS, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The Court has considered the Motion of Defendants Arthur J. Moore and American Alloy Steel, Inc. to Preclude Dr. Stephen Magee from Testifying About a Lack of Expert Testimony Regarding American Alloy's Reasons for not Doing Business with Plaintiff and is of the opinion the motion should be GRANTED.

It is therefore ORDERED that Plaintiff's expert witness Dr. Stephen Magee may not testify about any lack of expert testimony regarding American Alloy's or Mr. Moore's reasons for not doing business with Plaintiff MM Steel, LP.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

53118063